ANSTEAD, Judge,
specially concurring.
While I agree with the dissent that the Commission appears to have missed the point of our remand, I believe we should put this matter to rest and now approve the sanctions recommended.
We remanded this matter to the Commission because of the vagueness and uncertainty of the stipulation submitted by the Commission to justify the imposition of the recommended sanctions. We really could not tell by the wording of the stipulation whether Judge Fletcher had been guilty of any misconduct or, if he was guilty of misconduct, what that misconduct was. The Commission’s recent response advising us that it had thoroughly investigated the case is a non sequitur and provides no additional light or guidance to this Court in carrying out its heavy responsibility to supervise the conduct of the judges of this state. Nor does it provide the public with any additional insight into the Commission’s conclusions regarding the judge’s conduct. We will never know what the Commission concluded.
Our prior opinion outlined the charges filed against Judge Fletcher and then pointedly noted:
*139 The stipulation is silent as to the most critical charges contained in the complaint — colliding with a dock while operating a boat under the influence of alcohol and lying to a Florida Marine Patrol officer when confronted. Although Judge Fletcher asserted in his answer that he did not strike the dock and that he told the officer he did not, the stipulation contradicts his answer and admits that he struck the dock. It is unclear whether Judge Fletcher is also admitting that he lied to the officer.
In re Fletcher, 664 So.2d 934, 936 (Fla.1995). The primary focus in a judicial disciplinary proceeding is on the alleged misconduct. That is what this Court wants to know, and what the public has a right to know. But consider the stipulation here:
1. On the evening of April 4, 1993, Judge Fletcher was operating his motor boat on the Intraeoastal Waterway in northern St. Johns county when it collided with a dock belonging to Mr. and Mrs. Frank Driggers. He left the scene without reporting the accident. Shortly thereafter, Judge Fletcher encountered a Florida Marine Patrol officer and told him he had struck an object in the middle of the channel.
2. Judge Fletcher regrets and apologizes that this incident occurred and recognizes that it diminishes the public’s confidence in the Judiciary.
This vague and ambiguous stipulation fails to specifically identify any misconduct that we or the public can properly evaluate. Just what is the “incident” for which the judge offers his regrets? We certainly cannot tell from the stipulation. In fact it almost appears that the stipulation was drafted to avoid pinpointing any particular misconduct.
The Commission now tells us that it exhaustively investigated the case and this is the best that it could do. One possible inference from all this is that the Commission acted entirely too hastily in initially charging the judge with serious allegations of misconduct that had not been fully investigated and that could not be proven. What we are left with is that the judge has agreed to be disciplined and the Commission is satisfied to get that agreement. And we are left, like the public, without really knowing precisely what it was that the judge did that prompts us to issue a reprimand. As noted above, we will never know.
The public deserves better.